IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Karen Sauls, as personal representative for the Estate of James Price,  )  )  ) | C/A No. 2:21-0288-MBS |
| Plaintiff,  )  ) | |
| vs.  )  ) | **ORDER AND OPINION** |
| Liberty Mutual Personal Ins. Co. dba Liberty Life Assurance Company of Boston, and Kettler, Inc.,  )  )  )  ) | |
| Defendants.  )  ) | |

Plaintiff Karen Sauls, as Personal Representative for the Estate of James Price, filed an action in the Court of Common Pleas for Charleston County, South Carolina, on November 3, 2020, seeking to recover benefits due to Decedent James Price under the terms of a life insurance policy and a disability income insurance policy provided by his former employer, Defendant Kettler, Inc. ("Kettler").[1] Defendant Liberty Life Assurance Company of Boston, now known as Lincoln Life Assurance Company of Boston ("Liberty"), with the consent of Kettler, removed the action on January 29, 2021, on the grounds that Plaintiff's claims arise under and are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq.

This matter is before the court on motion to dismiss filed by Kettler on February 26, 2021. Plaintiff filed a response in opposition on March 28, 2021, to which Kettler filed a reply on April

---

[1] Kettler states that Defendant's proper name is Kettler Management, Inc. ECF No. 6, 4. Plaintiff has not yet moved to amend the caption.

5, 2021.

## FACTS

Kettler offers its eligible employees benefits pursuant to the Kettler Welfare Benefits Plan (the "Plan"). Among these benefits is the Optional Group Life Insurance Policy No. SA3-840-445080-01 (the "Group Life Policy") and Group Disability Income Insurance Policy No. GD/GF3-840-445080-01 (the "Group Disability Policy"), which were issued to Kettler by Liberty. According to Plaintiff, Decedent, as an employee of Kettler, was insured for life and for long- and short-term disability benefits. Plaintiff alleges that Decedent became disabled on February 7, 2018, because of a recurrence of multiple myeloma. Liberty approved Decedent for short-term disability benefits, but terminated benefits when Decedent became eligible for long-term disability insurance, claiming that Decedent suffered from a pre-existing condition. Decedent appealed Liberty's decision to deny long-term disability benefits. His appeal was denied.

Plaintiff further states that Decedent inquired as to continuing his life insurance benefits after he became unable to continue active employment, but was told by Kettler that there were no options to do so. According to Plaintiff, Kettler failed to advise Decedent of any right to convert his benefits under the Group Life Policy to an individual policy. As a result, Decedent's benefits under the Group Life Policy lapsed. Decedent died on February 13, 2019. Plaintiff, as beneficiary, made a demand for payment from Kettler for the benefits that would have been due under the Group Life Policy had it been in force, but no benefits have been paid.

Plaintiff seeks a declaration that Decedent is entitled to long-term benefits under the Plan,

which claim arises under 29 U.S.C. § 1132(a)(1)(B) ("§ 502(a)(1)(B)") (First Cause of Action).[2] Plaintiff further asserts that Kettler breached its fiduciary duty (1) to administer the Plan in the best interests of its participants and beneficiaries, (2) to advise Decedent of his option to convert his Group Life Policy to an individual policy, and (3) by misrepresenting to Decedent that the Group Life Policy could not be converted or maintained, which claim arises under 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)") (Second Cause of Action as to Kettler). Finally, Plaintiff alleges that Kettler negligently misrepresented to Decedent the options available under the Group Life Policy (Third Cause of Action as to Kettler).

## DISCUSSION

Kettler moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556–57).

### Law/Analysis

I.   Exhaustion of Administrative Remedies for Life Insurance Benefits

Kettler first argues that Plaintiff failed to exhaust her administrative remedies prior to alleging a breach of fiduciary duty claim against Kettler. An ERISA welfare benefit plan participant

---

[2] Plaintiff clarified in her response in opposition to Kettler's motion to dismiss that the First Cause of Action refers only to Liberty's denial of long-term disability benefits. ECF No. 15, 1.

3

must both pursue and exhaust plan remedies before gaining access to the federal courts. <u>Gayle v. United Parcel Serv., Inc.</u>, 402 F.3d 222, 226 (4th Cir. 2005) (citing <u>Makar v. Health Care Corp.</u>, 872 F.2d 80, 82 (4th Cir.1989)).  In this case, the Group Life Policy provides, in pertinent part:

> a. Notice of a claim must be given to Liberty within 20 days of the date of the loss on which the claim is based.  If that is not possible, Liberty must be notified as soon as it is reasonably possible to do so.  Such notice of a claim must be received in a form or format satisfactory to Liberty.
>
> b. When written notice of claim is applicable and has been received by Liberty, the Covered Person will be sent claim forms. If the forms are not received within 15 days after written notice of claim is sent, the Covered Person can send to Liberty written Proof of claim without waiting for the forms.

ECF No. 10-1, 43.

> Liberty will notify in writing any Covered Person or beneficiary whose claim is denied in whole or in part. That written notice will explain the reasons for denial. If the claimant does not agree with the reasons given, he may request an appeal of the claim. To do so, the claimant should write to Liberty within 60 days after the notice of denial was received. . . . Unless Liberty requests additional material in a timely fashion, the claimant will be advised of Liberty's decision within 60 days after his or her letter is received.

ECF No. 10-1, 40.

> A claimant or the claimant's authorized representative cannot start any legal action:
>
> 1. Until 60 days after Proof of claim has been given; or
>
> 2. More than three years after the time Proof of claim is required.
>
> Legal actions are contingent upon first having followed the Claims and Appeals procedure outlined in this policy.

ECF No. 10-1, 42.

Kettler contends that Plaintiff did not allege in her complaint (1) to whom demands were made for benefits under the Group Life Policy, (2) when they were made, (3) whether the demands

were a claim for benefits required under the Group Life Policy, (4) if a claim for benefits was denied that she then appealed, and (5) if an appeal was denied. Kettler contends that Plaintiff cannot maintain her claim for life insurance benefits absent exhausting her administrative remedies.

Plaintiff argues that she is relieved from exhausting her administrative remedies because any attempt to pursue these remedies would be futile. An exception to the exhaustion requirement exists when there is clear and positive evidence that the administrative remedies are futile or useless. Kunda v. C.R. Bard, Inc., 671 F.3d 464, 471-72 (4th Cir. 2011).

Plaintiff asserts that the Group Life Policy properly was terminated by Liberty. Only employees who are in Active Employment for Kettler are deemed to be Covered Employees eligible under the Group Life Policy. ECF No. 10-1, 8, 13. "Active Employment" means the employee is actively at work

   1. on a full-time basis and paid regular earnings;

   2. for at least the minimum number of hours shown in the Schedule of Benefits; and either perform such work:

      a. at the Sponsor's usual place of business; or

      b. at a location to which the Sponsor's business requires the Employee to travel.

ECF No. 10-1, 13.

Decedent was not actively employed by Kettler at the time of his death.[3] Accordingly, taking Plaintiff's allegations as true, no administrative remedy was available to her with respect to Liberty.

---

[3] Under the Group Life Policy, Kettler can continue a Covered Employee's coverage for a maximum period of nine months by paying the required premiums, if the Covered Employee is granted an approved leave of absence due to a disability. It is unclear whether Kettler granted Decedent an approved leave of absence and maintained his life insurance premiums; nevertheless, the nine-month period would have lapsed in November 2019, prior to Decedent's death.

Decedent possessed no benefits under the Group Life Policy against which Plaintiff could make a claim. The court finds, for purpose of the motion to dismiss, that Plaintiff plausibly alleges "clear and positive" evidence that Liberty's administrative remedies are futile or useless, such that Plaintiff is excused from the exhaustion requirements under ERISA as to her second cause of action.

Moreover, other district courts in the Fourth Circuit have determined a Rule 12(b)(6) motion is not a proper vehicle by which to assert a failure to exhaust administrative remedies under ERISA:

> Further, failure to exhaust administrative remedies under ERISA is an affirmative defense. See Crowell v. Shell Oil Co., 541 F.3d 295, 308–09 & nn. 55–58 (5th Cir.2008) (collecting cases); Paese v. Hartford Life & Acc. Ins. Co., 449 F.3d 435, 443–46 (2d Cir.2006). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and rarely will this involve assessing the sufficiency of defenses. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.2007) (en banc); Republican Party of N. Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.1992).

Taylor v. Oak Forest Health & Rehab., LLC, No. 1:11-CV-471, 2013 WL 4505386, at *3 (M.D.N.C. Aug. 22, 2013; see also Gray v Blue Cross & Blue Shield of N.C., 1:19CV1234, 2021 WL 1090734, at *8 (M.D.N.C. Mar. 22, 2021).

Kettler asserts an affirmative defense against which Plaintiff plausibly asserts an exception. The court denies Kettler's motion as to this issue.

II.     Kettler Not a Proper Defendant for Count I

Because Plaintiff has clarified that Count I should be asserted only against Liberty, Kettler's motion to dismiss on this ground is denied as moot.

III.    Duplicative ERISA Claims

Kettler asserts Plaintiff's §502(a)(3) claim is duplicative of her § 502(a)(1)(B) claim because the only relief Plaintiff seeks is the payment of long-term disability and life insurance benefits. Kettler contends that it should be dismissed from Plaintiff's breach of fiduciary duty cause of action

6

wherein Plaintiff seeks equitable relief. According to Kettler, Plaintiff can obtain an adequate remedy of payment of the disability and life insurance benefits she seeks through her § 502(a)(1)(B) cause of action. As an initial matter, the court observes, as it did above, that Plaintiff has clarified her first cause of action applies to Liberty only.

Section 502(a)(1)(B), which applies to Plaintiff's first cause of action against Liberty, provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(3), which applies to Plaintiff's second cause of action against Kettler, provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" 29 U.S.C. § 1132(a)(3). An ERISA claimant many only access the equitable relief available under § 502(a)(3) if his or her injury is not addressed by ERISA's other remedial provisions. Greenwell v. Group Health Plan for Employees of Sensus USA, Inc., 505 F. Supp. 3d 594, 607 (E.D.N.C. 2020) (citing Korotynska v. Metro. Life Ins. Co., 474 F.3d 101 (4th Cir. 2006) and Varity Corp. v. Howe, 516 U.S. 489 (1996)).

The question becomes, then, whether Plaintiff must couch the second cause of action as arising under §502(a)(1)(B) as to Kettler, rather than relying on the equitable provisions of § 502(a)(3). For purposes of the motion to dismiss, the court concludes that Plaintiff has established a plausible claim that she has no adequate remedy under § 502(a)(1). Decedent was not a Covered Employee at the time of his death, and thus had no benefits due to him under the terms of the Group

Life Plan. Plaintiff plausibly alleges that Kettler had a fiduciary duty to inform Decedent that he could convert his group coverage to an individual life insurance policy, and that, consequently, Decedent and Plaintiff were deprived of benefits. See ECF No. 10-1, 24 (providing that, if all or part of a Covered Employee's coverage ends, the Covered Employee may convert the amount that ends to an individual life insurance policy issued by Liberty under certain circumstances).

Kettler makes much of the fact that Plaintiff referenced only 29 U.S.C. § 1132(a)(1)(B) in the ad damnum clause of her complaint. Although the complaint could be more artful drafted, it is patent from the language of the second cause of action that Plaintiff seeks equitable relief under 29 U.S.C. § 1132(a)(3) against Kettler in the form of compensation equal to what Plaintiff would have received had Decedent been informed he could convert to an individual life insurance policy. See McCravy v. Metro. Life Ins. Co., 690 F.3d 176, 180 (4th Cir. 2012) (citing Cigna Corp. v. Amara, 563 U.S. 421, (2011), for the proposition that "make-whole relief" constitutes appropriate equitable relief under § 502(a)(3)). Plaintiff plausibly states a claim that Kettler breached a fiduciary duty to inform Decedent of his options under the Group Life Policy, which resulted in a lapse in coverage. Kettler's motion to dismiss is denied as to this issue.

III.     Negligent Misrepresentation

Kettler asserts that Plaintiff's state law cause of action is preempted by ERISA. ERISA expressly supersedes any and all state laws insofar as they may relate to an employee benefit plan. 29 U.S.C. § 1144(a). Plaintiff's negligent misrepresentation claim relates to Kettler's alleged failure to inform Decedent of his options under the Group Life Policy. Plaintiff does not dispute Kettler's contention. Kettler's motion to dismiss is granted as to the third cause of action.

8

CONCLUSION

For the reasons stated, Kettler's motion to dismiss (ECF No. 10) is granted in part and denied in part. Plaintiff is directed to file an amended complaint to cure the deficiencies of the current complaint no later than fifteen (15) days from the date of entry of this order.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

July 14, 2021.